## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
| | |
|---|---|
| | : |
| **JOHN CONNOR MIRABELLA, et al.,** | : **CIVIL ACTION** |
| | : |
| **Plaintiffs,** | : |
| | : |
| **v.** | : **No. 15-1162** |
| | : |
| **WILLIAM PENN CHARTER SCHOOL, et al.,** | : |
| | : |
| **Defendants.** | : |

**Goldberg, J.**                                                          **March 20, 2017**

### MEMORANDUM OPINION

Plaintiffs John and Maureen Mirabella and their son, Connor Mirabella, brought suit claiming that Defendants William Penn Charter School and Overseers of the Public Schools failed to accommodate Connor's Attention-Deficit/Hyperactivity Disorder ("ADHD"). The Complaint alleges violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., as well as breach of contract, breach of the implied covenant of good faith and fair dealing and negligent infliction of emotional distress.[1]

Presently before me are the parties' cross-motions for partial summary judgment. Defendants seek summary judgment on the ADA claim, arguing that they are exempt from the statute as a religious organization. Defendants also assert that, because Connor has graduated high school, he lacks standing to pursue his ADA claim and/or the claim is moot. In their motion,

---

[1] On February 23, 2016, I issued an Order granting Defendants' motion to dismiss as to the breach of implied covenant of good faith and fair dealing claim.

Plaintiffs urge that the undisputed evidence establishes that Defendants do not qualify as a religious organization and, therefore, are subject to the ADA's requirements.

For the reasons that follow, I conclude that Plaintiffs have failed to demonstrate that Connor Mirabella has standing to pursue the ADA claim and, relatedly, the ADA claim is also moot. Because I lack subject matter jurisdiction to entertain the ADA claim, I will not reach the parties' arguments regarding the religious exemption issue and will dismiss the remaining state law claims without prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Because I will decide the instant motions on standing and mootness grounds, I only note the facts pertinent to those issues. Connor was enrolled at William Penn Charter School for three academic years, 2011-2014, in the ninth, tenth and eleventh grades. Plaintiffs' contend that, by engaging in a pattern of discriminatory conduct related to Connor's disabilities, Defendants "constructively expelled" Connor at the end of the 2013-14 school year. (Defs.' Statement of Undisputed Facts ¶¶ 1, 153-54; Pls.' Resp. to Defs.' Mot. p. 9.)

At no time did Connor seek to re-enroll at William Penn Charter School. During the 2015-2016 school year, Connor participated in the University of Pennsylvania's Young Scholars program for high school credits and graduated from the North Penn School District in 2016. (Defs.' Statement of Undisputed Facts ¶¶ 3, 154.)    Thereafter, Connor was accepted at St. Joseph's University, where he is currently enrolled. (Id. at ¶ 154.)

## II.    STANDARD OF REVIEW

A party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact and that judgment is appropriate as a matter of law.

2

Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment has been made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). An issue is "genuine" if a reasonable jury could rule in favor of the non-moving party based on the evidence presented. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). The non-moving party cannot avert summary judgment with conclusory, self-serving statements, but rather must cite to specific facts in the record. Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 161 (3d Cir. 2009); Fed. R. Civ. P. 56(c).

On a motion for summary judgment, the court considers the evidence in the light most favorable to the non-moving party. Anderson, 477 U.S. at 256. Courts may not make credibility determinations at the summary judgment stage. Boyle v. Cnty. of Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc., 998 F.2d 1224, 1230 (3d Cir. 1993) cert. denied, 510 U.S. 994 (1993)). The same burdens and standards apply with regard to cross-motions for summary judgment. Appelmans v. City of Phila., 826 F.2d 214, 216 (3d Cir. 1987).

## III.  DISCUSSION

### a.  Standing

Before considering the merits of this case, I must determine whether a "case or controversy" exists, such that this Court has jurisdiction under Article III. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). A plaintiff bears the burden of demonstrating that he has

Article III standing. <u>ZF Meritor, LLC v. Eaton Corp.</u>, 696 F.3d 254, 301 (3d Cir. 2012). To satisfy this burden, a plaintiff must show:

> (1) that he is under a threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that a favorable judicial decision will prevent or redress the injury.

<u>Id.</u> (citing <u>Summers v. Earth Island Inst.</u>, 555 U.S. 488, 493 (2009)) (internal quotation marks omitted)). "[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e. with the manner and degree of evidence required at the successive stages of litigation." <u>Lujan</u>, 504 U.S. at 561.

When injunctive relief is sought in connection with a past wrong, a plaintiff does not have standing "absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 111 (1983).

Defendants argue that Connor lacks standing to pursue his ADA claim because he will not again be subject to William Penn Charter School's policies or procedures and, therefore, there is no actual or imminent threat of future injury. Defendants note that Connor did not re-enroll at William Penn Charter School after completion of the eleventh grade in June of 2014, he never sought readmission to the school, he enrolled in and graduated from another high school and is currently enrolled at St. Joseph's University.  Defendants urge that because Connor cannot prove that he will be wronged again, he cannot establish that any injury will be redressed by a favorable decision. Defendants correctly note that, under the applicable provision of the ADA,

aside from attorney's fees, injunctive relief is the only available remedy. See 42 U.S.C. § 12188(a)(1).

Plaintiffs respond that standing is assessed as of the time the action was filed. Plaintiffs note that Connor was seventeen years old and still a high school student at the time this action was commenced and, thus, the relief sought could have been secured in time for him to be re-enrolled at William Penn Charter School. Plaintiffs also urge that Connor was not required to remain in a "hostile environment" in order to have standing to bring his ADA claim.

Plaintiffs are correct that standing is assessed in light of the facts existing "at the outset of the litigation," Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180, (2000), and the "principles of standing [do not] require [a] plaintiff[ ] to remain in a hostile environment to enforce" his rights. Freedom from Religion Found. Inc v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 481 (3d Cir. 2016).

However, nothing in the record establishes that, at the time the case was initiated, Connor had any intention to return to William Penn Charter School, even if the alleged unlawful conduct had been remedied. Plaintiffs cite to no evidence to support such an assertion. Plaintiffs' assertions, unsupported by evidence, are insufficient to sustain their burden of proving standing. See Lujan, 504 U.S. at 561 ("each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e. with the manner and degree of evidence required at the successive stages of litigation"); Fed. R. Civ. P. 56(c), (e).

In light of this failure, Plaintiffs cannot sustain their burden of demonstrating a likelihood that a favorable decision will prevent or redress the injuries alleged. In the prayer for relief in the

ADA claim, Plaintiffs ask:

> That the Court order injunctive relief requiring Defendants William Penn Charter School, William Penn Charter School, Inc., and Overseers of the Public School to provide reasonable accommodations to all similarly situated disabled students and/or applicants for admission to William Penn Charter School, in a detailed form to be agreed upon by Plaintiffs and to be enforced by the Court and subject to the jurisdiction of the Court for a period of not less than ten (10) years from the date of the judgment;
>
> . . .
>
> That the Court award such other, additional, and separate relief as the case may require or as the Court may deem just and proper under the circumstances.

(Am. Compl. p. 38.)

Without any evidence to establish that Connor wished to return to William Penn Charter School, there is nothing to suggest that any of his alleged injuries could be redressed by the requested relief. As such, Plaintiffs have failed to demonstrate standing to pursue the ADA claim and the related request for injunctive relief.

### i. Continuing, Present Adverse Effects

Nonetheless, Plaintiffs urge that the "Third Circuit, following Supreme Court precedent, has also held that a claim for injunctive relief based on past wrongful conduct is not moot if that conduct is accompanied by 'continuing, present adverse effects." (Pls. Resp. pp. 10-11 (citing Doe v. Nat'l Bd. of Med. Examiners, 210 F. Appx. 157, 160 (3d Cir. 2006) (quoting Los Angeles v. Lyons, 461 U.S. 95 (1983)).[2]

---

[2] Although Plaintiffs presented this argument as an exception to the mootness doctrine, Lyons, however, is a standing case. City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) ("the issue here is not whether that claim has become moot but whether Lyons meets the preconditions for asserting an injunctive claim in a federal forum"); see also Doe v. Nat'l Bd. of Med. Examiners, 210 F. Appx. 157, 159–60 (3d Cir. 2006) (citing Lyons, 461 U.S. at 102 ("to establish standing in an action for injunctive relief, a plaintiff must show that he or she is likely to suffer future

In support of their continuing, present adverse effects argument, Plaintiffs state that, as a result of Defendants' conduct, Connor continues to suffer from the following: (1) stigma of being required to repeat the eleventh grade, (2) not being admitted to any of the "colleges to which he had a reasonable expectation of being admitted" and (3) "ongoing emotional trauma, loss of self-confidence, heightened anxiety, and need for psychological counseling." (Pls.' Resp. p. 11, n.7.) Plaintiffs contend that further evidence, including expert testimony, would be necessary to fully evaluate the scope of Connor's "ongoing emotional trauma, loss of self-confidence, heightened anxiety, and need for psychological counseling. But this evidence, even if accepted, could not support their efforts to demonstrate standing. See Lyons, 461 U.S. at 107 ("The emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant.")

While I am sympathetic to Connor's injuries, Plaintiffs have failed to offer any explanation and more importantly actual evidence as to how injunctive relief under the ADA could redress these injuries. For the foregoing reasons, I conclude that Connor lacks standing to pursue the ADA claim for injunctive relief.

### b. Mootness

A case is "moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). "The court's ability to grant effective relief lies at the heart of the mootness doctrine." Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 216 (3d Cir. 2003). As such, "[i]f

---

injury from the defendant's illegal conduct. . . . Past illegal conduct is insufficient to warrant injunctive relief unless it is accompanied by "continuing, present adverse effects") (emphasis added)). As such, I will address the parties' arguments regarding "continuing, present adverse effects") in the context of standing.

developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–699 (3d Cir. 1996). A party arguing that a case is moot bears "a heavy burden of demonstrating the facts underlying that contention." Princeton Cmty. Phone Book, Inc. v. Bate, 582 F.2d 706, 710 (3d Cir. 1978) (citing United States v. W. T. Grant Co., 345 U.S. 629, 633 (1953)).

Defendants urge that, even if the standing requirement is satisfied, Connor currently has no personal stake in his ADA challenge to Defendants' policies and practices because there is no chance he will again be subject to those policies and practices as he has graduated from high school and is currently enrolled in college.

The great weight of precedent instructs that Connor's graduation from high school rendered his ADA claim for injunctive relief moot. See Zeller v. Donegal Sch. Dist. Bd. of Ed., 517 F.2d 600, 601 (3d Cir. 1975) ("Upon young Zeller's graduation from high school . . . the request for equitable relief became moot"); Indianapolis School Commissioners v. Jacobs, 420 U.S. 128, 129 (1975) ("we were informed by counsel for petitioners that all of the named plaintiffs in the action had graduated from the Indianapolis school system; in these circumstances, it seems clear that a case or controversy no longer exists between the named plaintiffs and the petitioners with respect to the validity of the rules at issue. The case is therefore moot"); Donovan, 336 F.3d at 214 ("Because Donovan has graduated pending this review, we conclude that her request for injunctive and declaratory relief is moot"); Fox v. Bd. of Trustees of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) ("This court has consistently held that students' declaratory and injunctive claims against the universities that they attend are mooted by

the graduation of the students, because after their graduation and absent a claim for damages, it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury"); Stotts v. Cmty. Unit Sch. Dist. No. 1, 230 F.3d 989, 991 (7th Cir. 2000) (graduation mooted claim for injunctive relief); Cole v. Oroville Union High Sch. Dist., 228 F.3d 1092, 1098 (9th Cir. 2000) ("It is well-settled that once a student graduates, he no longer has a live case or controversy justifying declaratory and injunctive relief against a school's action or policy").

Following graduation from high school, Connor no longer had a personal interest in the challenged practices and the injunctive relief requested would not provide him with any meaningful relief. Moreover, no other injunctive remedy could be fashioned, given that Connor has already graduated from high school and is enrolled in college. Plaintiffs do not identify any such relief in their submissions.

I also conclude that the ADA claim for injunctive relief does not fall within any of the exceptions to the mootness doctrine that the parties have identified. Those exceptions are discussed below.

### i. **Capable of Repetition, Yet Evading Review**

The Third Circuit has held that "graduation from school does not automatically render a case moot if the student's claims are 'capable of repetition, yet evading review.'" Donovan, 336 F.3d at 216-17 (quoting Brody ex rel. Sugzdinis v. Spang, 957 F.2d 1108, 1113–1115 (3d Cir. 1992)). "This extremely narrow exception to the mootness doctrine is applicable only where: 1) the challenged action is too short in duration to be fully litigated before the case will become moot; and 2) there is a reasonable expectation that the complaining party will be subjected to the

same action again." <u>Donovan</u>, 336 F.3d at 217 (emphasis added). "Graduated students do not ordinarily qualify for this exception to the mootness doctrine because, once they have graduated, they will never again be subject to the school's policies." <u>Mellen v. Bunting</u>, 327 F.3d 355, 364 (4th Cir. 2003) (citing <u>Altman v. Bedford Cent. Sch. Dist.</u>, 245 F.3d 49, 71 (2d Cir. 2001)).

In <u>Donovan</u>, the Third Circuit held that a plaintiff's challenge to her high school's decision to prohibit a bible club from convening during the school's 'activity period' was moot because she had graduated during the pendency of the appeal. The court also concluded that the challenged action was not capable of repetition, yet evading review. In concluding that the policy would not always evade review, the Third Circuit reasoned that a "sophomore, for example, who challenges the ban would enjoy a three-year window in which to litigate the issue to completion." Regarding the second prong of the exception, the Third Circuit concluded that "there is no reasonable expectation that [the plaintiff] will be subjected to the same action again. She has graduated and will never again return to PAHS as a student. This court may not grant her injunctive relief, as such relief would have no impact on her whatsoever." <u>Donovan</u>, 336 F.3d at 217.

Here, Connor has graduated from William Penn Charter School and will not return. As was the case in <u>Donovan</u>, there is no reasonable expectation that Connor will again be subject to Defendants' allegedly unlawful policies and practices. For this reason alone, his ADA claim does not fall within the capable of repetition, yet evading review exception.

Plaintiffs rely on <u>Brody By & Through Sugzdinis v. Spang</u>, 957 F.2d 1108, 1111 (3d Cir. 1992) to argue for a contrary result. Plaintiffs, however, misstate the relevance that <u>Brody</u> has to the case before me.

10

In <u>Brody</u>, two students alleged that the inclusion of religious elements at their high school's baccalaureate and graduation ceremonies violated their rights under the establishment clause. The students, who were both seniors and set to graduate, filed the suit several days after the baccalaureate ceremony but the day prior to the scheduled graduation ceremony. With the agreement of the parties, the district court entered a temporary restraining order prohibiting any prayer at the graduation ceremony. On the day of graduation, three other senior students filed a motion to intervene. <u>Id.</u> at 1111-12.

Thereafter, three junior students who were to graduate the following year and four of their parents sought to join the motion to intervene on the basis that the district court's temporary restraining order infringed their rights of free speech and freedom of association. <u>Id.</u> at 1112.

Approximately two months after the graduation ceremony but before the district court resolved the motion to intervene, the original plaintiffs and defendants agreed to a consent decree. The district court adopted the consent decree which prohibited prayer or other religious ceremonies at an official school event. The district court subsequently denied the motion to intervene and the junior students and their parents appealed that denial. <u>Id.</u> at 1112.

By the time the case was argued before the Third Circuit, the junior students had graduated, which required the court to determine whether the case had become moot on appeal. The Third Circuit considered whether the claims of the junior student plaintiffs or their parents were capable of repetition, yet evading review. The Third Circuit concluded that the junior students will "never again graduate from Downingtown Senior High School, and thus, this dispute is not capable of repetition as to them." However, the Third Circuit noted that two of the parent intervenors had younger children and "[s]ince the consent decree is designed to remain in

effect indefinitely, it is likely that these parents will confront the same barriers to religious speech when their younger children graduate from high school." As such, the Third Circuit concluded that "as to these two individuals, the present dispute is capable of repetition" and the controversy was, therefore, not moot. Id. at 1113-1115.

Here, Plaintiffs urge that, in Brody, the Third Circuit concluded that "students' claims . . . were not moot despite their graduation." Plaintiffs state that:

> The court in Brody also set forth a second rationale: the parents of at least two of the graduated students also had younger children in the same school district, and those children could potentially experience the same conduct at future graduation ceremonies. . . . The existence of this somewhat speculative additional basis for the court's holding does not detract from the validity or precedential value of the [court's holding that the students' claims were not moot].

(Pls.' Resp. pp. 5-7, n.4.)

Plaintiffs' have misapplied the holding of Brody which was plainly premised on the fact that two of the parent plaintiffs had younger children who would likely be confronted with the challenged policy in the future.[3] Plaintiffs in the case before me have not alleged that they have

---

[3] Plaintiffs' misstatement of the probative value of Brody is understandable given that the Third Circuit subsequently characterized its holding in Brody very broadly. In Donovan, the Third Circuit stated "we quite reasonably concluded in Brody that the challenge to religious speech in a graduation ceremony by students who had not yet graduated was not moot because the length of the senior year was 'clearly too short to complete litigation and appellate review of a case of this complexity.'" Donovan, 336 F.3d at 217 (quoting Brody, 957 F.2d at 1113).

Contrary to the foregoing characterization, the students had already graduated at the time the appeal was heard in Brody. Furthermore, in Brody, the Third Circuit held that the student plaintiffs did not satisfy the second prong of the capable of repetition, yet evading review doctrine because the dispute was not capable of repetition as to them.

Contrary to Plaintiffs' assertion and the court's statement in Donovan, the Third Circuit did not find the controversy to be live based on the student plaintiffs' claims. Rather, the Third Circuit "concluded at least as to the parents [with younger children], this dispute is capable of repetition, yet evading review. As a result, we hold that this controversy is not moot, and we will proceed to

12

younger children with disabilities who could be affected by Defendants' alleged violations of the ADA in the future. As there is no analogous evidence in the record before me, <u>Brody</u> is distinguishable and does not support a finding that Connor's ADA claim falls within the capable of repetition, yet evading review exception.

### ii.  Constructive Expulsion

Next, Plaintiffs urge that the ADA claim is not moot because Connor did not willingly withdraw from William Penn Charter School – rather Defendants' creation of a "hostile environment" forced Connor's parents to withdraw him from William Penn Charter School. In support of this theory, Plaintiffs urge that "a school cannot moot a claim for injunctive relief by simply expelling the plaintiff follows naturally from the same sound logic that underlies numerous cases holding that a defendant cannot moot a claim merely by ceasing its unlawful conduct." (Pls.' Resp. p. 9.)

Even assuming that "constructive expulsion" is a viable theory in the ADA context, Plaintiffs' argument nonetheless fails. The fact that Connor withdrew, under duress or not, from William Penn Charter School does not render his claim moot. Rather, for the reasons discussed above, Connor's subsequent graduation from high school and enrollment at St. Joseph's University moot his claim for injunctive relief. The circumstances of the withdrawal are irrelevant to the mootness doctrine and have no impact on my conclusion that the grant of the requested relief would have no impact whatsoever on Connor.

For the foregoing reasons, I conclude that the ADA claim is moot.

---

consider the merits of this appeal." <u>Brody</u>, 957 F.2d at 1115, <u>see</u> <u>also</u> <u>id.</u> at 115 n.5 ("we will continue to refer to these two parents with justiciable claims as . . . appellants").

**c.  Supplemental Jurisdiction**

A district court may decline to extend supplemental jurisdiction over a state law claim where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Whether supplemental jurisdiction will be extended under these circumstances is discretionary. Kach v. Hose, 589 F.3d 626, 650 (3d Cir.2009). Ordinarily, when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988); see also Hedges v. Musco, 204 F. 3d 109, 123 (3d. Cir. 2000) ("where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so") (emphasis in original) (citation omitted)). If a district court decides not to exercise supplemental jurisdiction, it should dismiss the state law claims without prejudice. Kach, 589 F.3d at 650.

For the reasons explained above, this court lacks jurisdiction over the ADA claim. The only claims to survive this ruling are state law claims for breach of contract and negligent infliction of emotional distress. As the Amended Verified Complaint predicates subject matter jurisdiction on the presence of a federal question, I must determine whether to exercise supplemental jurisdiction over the state law claims.

The interests of judicial economy, convenience, fairness and comity will not be served by extending supplemental jurisdiction over the remaining state law claims for breach of contract

and negligent infliction of emotional distress. Therefore, I will decline to exercise supplemental jurisdiction. The state law claims will be dismissed without prejudice, so they may be refiled in state court.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion for summary judgment will be granted. An appropriate order follows.